UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

SAMER EL DEBEK,
    a/k/a "Samer Eldebek,"

                Defendant.

- - - - - - - - - - - - - - - - x

**19 CRIM 073**

INFORMATION

19

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/v/19

COUNT ONE
(Provision of Material Support to a
Designated Foreign Terrorist Organization)

The United States Attorney charges:

1.    From at least in or about 2007, up to and

including in or about 2016, in the Southern District of New

York, Lebanon, and elsewhere, SAMER EL DEBEK, a/k/a "Samer

Eldebek," the defendant, knowingly did provide, and attempt to

provide, and aided and abetted the provision of, "material

support or resources," as that term is defined in Title 18,

United States Code, Section 2339A(b), to a foreign terrorist

organization, to wit, Hizballah, which has been designated by

the Secretary of State as a foreign terrorist organization since

1997, pursuant to Section 219 of the Immigration and Nationality

Act ("INA"), and is currently designated as such as of the date

of the filing of this Information, including, among other

things, personnel, knowing that Hizballah was a designated

foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that Hizballah engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that Hizballah engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

(Title 18, United States Code, Sections 2339B(a)(1), (d)(1)(A), (d)(1)(C), (d)(1)(D), (d)(1)(E), (d)(1)(F), and (d)(2), and 2.)

## COUNT TWO
(Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization)

The United States Attorney further charges:

2.    From at least in or about 2007, up to and including in or about 2016, in the Southern District of New York, Lebanon, and elsewhere, SAMER EL DEBEK, a/k/a "Samer Eldebek," the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate and agree together and with each other to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to a foreign terrorist organization, to wit, Hizballah, which has been designated by the Secretary of State as a foreign terrorist organization since 1997, pursuant to Section 219 of the INA, and is currently designated as such as of the date of the filing of this Information.

2

3.   It was a part and an object of the conspiracy
that SAMER EL DEBEK, a/k/a "Samer Eldebek," the defendant, and
others known and unknown, would and did agree to provide
Hizballah with material support and resources, including
personnel, knowing that Hizballah was a designated foreign
terrorist organization (as defined in Title 18, United States
Code, Section 2339B(g)(6)), that Hizballah engages and has
engaged in terrorist activity (as defined in section
212(a)(3)(B) of the INA), and that Hizballah engages and has
engaged in terrorism (as defined in section 140(d)(2) of the
Foreign Relations Authorization Act, Fiscal Years 1988 and
1989), in violation of Title 18, United States Code, Section
2339B.

## Overt Acts

4.   In furtherance of the conspiracy and to effect
the illegal object thereof, SAMER EL DEBEK, a/k/a "Samer
Eldebek," the defendant, and others known and unknown, committed
the overt acts set forth below, among others:

a.   Between in or about 2008 and in or about
2014, EL DEBEK received training from Hizballah, including in
surveillance, the production and use of explosives, and the use
of firearms.

b.   In or about 2009, EL DEBEK traveled to
Thailand on behalf of Hizballah.

3

c.    In or about 2011, EL DEBEK traveled to

Panama on behalf of Hizballah.

d.    In or about 2012, EL DEBEK traveled to

Panama on behalf of Hizballah.

(Title 18, United States Code, Sections 2339B(a)(1), (d)(1)(A),
(d)(1)(C), (d)(1)(D), (d)(1)(E), (d)(1)(F), and (d)(2).)

COUNT THREE
(Receipt of Military-type Training From a
Designated Foreign Terrorist Organization)

The United States Attorney further charges:

5.    From at least in or about 2008, up to and

including in or about 2014, in Lebanon and elsewhere, SAMER EL

DEBEK, a/k/a "Samer Eldebek," the defendant, knowingly received

military-type training from and on behalf of Hizballah, which

has been designated by the Secretary of State as a foreign

terrorist organization since 1997, pursuant to Section 219 of

the INA, and is currently designated as such as of the date of

the filing of this Information, knowing that Hizballah was a

designated foreign terrorist organization (as defined in Title

18, United States Code, Section 2339D(c)(4)), that Hizballah

engages and has engaged in terrorist activity (as defined in

section 212(a)(3)(B) of the INA), and that Hizballah engages and

has engaged in terrorism (as defined in section 140(d)(2) of the

Foreign Relations Authorization Act, Fiscal Years 1988 and

1989), to wit, EL DEBEK received training in the use of weapons,

4

in combat, and in the construction and use of explosives, from other members of Hizballah.

(Title 18, United States Code, Sections 2339D(a), (b)(1), (b)(3), (b)(5), and (b)(6).)

## COUNT FOUR
(Conspiracy to Receive Military-type Training
From a Designated Foreign Terrorist Organization)

The United States Attorney further charges:

6. From at least in or about 2008, up to and including in or about 2014, in Lebanon and elsewhere, SAMER EL DEBEK, a/k/a "Samer Eldebek," the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, to receive military-type training from a foreign terrorist organization, in violation of Title 18, United States Code, Section 2339D.

7. It was a part and an object of the conspiracy that SAMER EL DEBEK, a/k/a "Samer Eldebek," the defendant, and others known and unknown, would and did receive military-type training from and on behalf of Hizballah, which has been designated by the Secretary of State as a foreign terrorist organization since 1997, pursuant to Section 219 of the INA, and is currently designated as such as of the date of the filing of this Information, knowing that Hizballah was a designated foreign terrorist organization (as defined in Title 18, United

States Code, Section 2339D(c)(4)), that Hizballah engages and
has engaged in terrorist activity (as defined in section
212(a)(3)(B) of the INA), and that Hizballah engages and has
engaged in terrorism (as defined in section 140(d)(2) of the
Foreign Relations Authorization Act, Fiscal Years 1988 and
1989), in violation of Title 18, United States Code, Section
2339D.

## Overt Acts

8.    In furtherance of the conspiracy, SAMER EL DEBEK,
a/k/a "Samer Eldebek," the defendant, and others known and
unknown, committed the overt acts set forth in paragraph 4
above, which are fully incorporated by reference herein, among
others.

(Title 18, United States Code, Sections 371, 2339D(a), (b)(1),
(b)(3), (b)(5), and (b)(6).)

## COUNT FIVE
(Possessing, Carrying, and Using Firearms During and in Relation
to a Crime of Violence)

The United States Attorney further charges:

9.    From at least in or about 2008, up to and
including in or about 2014, in the Southern District of New
York, Lebanon, and elsewhere, SAMER EL DEBEK, a/k/a "Samer
Eldebek," the defendant, knowingly, and during and in relation
to a crime of violence for which he may be prosecuted in a court
of the United States, namely, the offenses charges in Counts One

6

through Four of this Information, did use and carry a firearm,

and, in furtherance of such crimes, did possess, carry, and use

a firearm, and did aid and abet the use, carrying, and

possession of a firearm, to wit, firearms that were capable of

automatically firing more than one shot without manual

reloading, including the AK-47, the M-16, and the MP-5 assault

rifles; a machinegun, including the Russian PKS automatic rifle;

and rocket-propelled grenades and other destructive devices in

the form of improvised explosive devices.

(Title 18, United States Code, Sections 924(c)(1)(A)(i),
(A)(ii), (A)(iii), (B)(i), (B)(ii), and 2.)

## COUNT SIX
(Conspiracy to Make or Receive a Contribution of Funds, Goods,
or Services to, and for the Benefit of, Hizballah)

The United States Attorney further charges:

10.   From at least in or about 2008, up to and

including in or about 2016, in the Southern District of New

York, Lebanon, and elsewhere, SAMER EL DEBEK, a/k/a "Samer

Eldebek," the defendant, a United States person, knowingly and

willfully, along with others known and unknown, did combine,

conspire, confederate, and agree together and with each other to

make and receive a contribution of funds, goods, and services to

and for the benefit of, as well as from, Hizballah, a specially

designated terrorist, by agreeing with others to provide to

Hizballah personnel and services, and receiving funds from

Hizballah.

(Title 50, United States Code, Section 1705(a); Title 31, Code
of Federal Regulations, Sections 595.204, 595.205, 595.311.)

## COUNT SEVEN
(Making or Receiving a Contribution of Funds, Goods, or Services
to, and for the Benefit of, Hizballah)

The United States Attorney further charges:

11.    From at least in or about 2008, up to and

including in or about 2016, in the Southern District of New

York, Lebanon, and elsewhere, SAMER EL DEBEK, a/k/a "Samer

Eldebek," the defendant, a United States person, willfully

attempted to and did make and receive a contribution of funds,

goods, and services to and for the benefit of, as well as from,

Hizballah, a specially designated terrorist, in that EL DEBEK

attempted to and did provide to Hizballah personnel and

services, and attempted to and did receive funds from Hizballah.

(Title 50, United States Code, Section 1705(a); Title 31, Code
of Federal Regulations, Sections 595.204, 595.205, 595.311.)

## FORFEITURE ALLEGATIONS

12.    As a result committing the offenses alleged in

Counts One Through Four of this Information, SAMER EL DEBEK,

a/k/a "Samer Eldebek," the defendant, shall forfeit to the

United States, pursuant to Title 18, United States Code, Section

981(a)(1)(G) and Title 28, United States Code, Section 2461(c),

any and all assets, foreign and domestic, of the defendant; any

8

and all assets, foreign and domestic, affording the defendant a source of influence over any entity or organization engaged in planning or perpetrating said offenses; any and all assets, foreign and domestic, acquired or maintained with the intent and for the purpose of supporting, planning, conducting, or concealing said offenses; any and all assets, foreign and domestic, derived from, involved in, or used or intended to be used to commit said offenses, including but not limited to a sum of money in United States currency representing the total amount of the defendant's assets.

13. As a result of committing the offenses alleged in Counts Six and Seven of this Information, SAMER EL DEBEK, a/k/a "Samer Eldebek," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum or money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

9

## Substitute Asset Provision

14. If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due
> diligence;
>
> b. has been transferred or sold to, or deposited
> with, a third person;
>
> c. has been placed beyond the jurisdiction of the
> Court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which
> cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p) and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable

property.

> (Title 18, United States Code, Section 981;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

Geoffrey S. Berman

GEOFFREY S. BERMAN
United States Attorney

10

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**SAMER EL DEBEK,**
**a/k/a "Samer Eldebek,"**

**Defendant.**

**INFORMATION**

19 Cr.

(18 U.S.C. §§ 2339B, 2339D, 371, 924(c),
and 2, and 50 U.S.C. § 1705(a))

GEOFFREY S. BERMAN
United States Attorney.